UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JAMES D. ELLIOTT | No. 1:24-cr-00046-SDN |

**PROSECUTION VERSION OF THE OFFENSE**

With respect to Count One of the Indictment, on about March 4, 2024, in the District of Maine, the Defendant, James D. Elliott, knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, namely: Aggravated Assault on about September 15, 2000, in the District Court of Reno County, State of Kansas, Case No. 00-CR-281; and Indecent Liberties with a Child on about July 11, 1985, in the District Court of McPherson County, State of Kansas, Case No. CR 1977, did knowingly possess, in and affecting commerce, a firearm, specifically, a Marlin .44 caliber rifle bearing serial number 19018288 loaded with 11 rounds of .44 caliber ammunition, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

In this regard, on February 16, 2024, a Deputy with the Penobscot County Sheriff's Office responded to the W. Tucker Ridge Road in Springfield, Maine, for a report that an individual had been threatened with a firearm. Specifically, it was reported that a home inspector with an insurance company went to the Defendant's residence in Springfield to take photographs of the property. As the home inspector was walking up the driveway, the Defendant came out and yelled: "Get the fuck off my property." In response, the home inspector showed the Defendant his license and said

1

he was from the insurance company and there to take photographs for the new owner of the residence. The home inspector reported that the Defendant went inside the residence, came back outside with a black firearm, and pointed the firearm at him. The home inspector stated that the Defendant told him to leave or that the Defendant would kill him.

On March 4, 2024, Deputies with the Penobscot County Sheriff's Office ("PCSO") obtained and executed a search warrant at the Defendant's residence in Springfield, Maine. In the Defendant's bedroom, a Deputy found a Marlin .44 magnum lever action rifle, bearing serial number 19018288, loaded with 11 rounds of .44 caliber ammunition behind the bedroom door. On the floor beside the rifle, the Deputy located a box of approximately 60 rounds of 7mm Mauser ammunition and a box containing approximately 45 rounds of .44 magnum ammunition. A firearms trace showed that the Marlin rifle bearing serial number 19018288 was purchased by the Defendant in 1981. This firearm found in the Defendant's bedroom was not manufactured in the State of Maine and would have had to travel in interstate commerce to be present in Maine.

During the search, law enforcement also found five additional firearms in an enclosed trailer next to the residence as well as ammunition inside the residence and trailer. Numerous photographs were taken during the search, including photographs of mail in the Defendant's name inside the residence. The Defendant was the only occupant inside the residence at the time of the search.

Had this case proceeded to trial, the Government would have offered the testimony of the officers and agents involved in the investigation and the specific events described above. The Government would have offered physical evidence seized from the Defendant and his residence, photographs of that evidence, and video recordings of the

residence during the search, in addition to testimony from an ATF nexus expert to establish that the firearm was in and affecting commerce.

The Government would have introduced a certified judgment showing that the Defendant has a prior conviction for Indecent Liberties with a Child in violation of Kansas Annotated Statutes § 21-4503(c), in *State of Kansas v. James D. Elliott*, District Court of McPherson County, State of Kansas, Case No. CR 1977, on July 11, 1985, for which he was sentenced to 3 to 10 years of confinement. The Government would have also introduced a certified judgment showing the Defendant has a prior conviction for Aggravated Assault in violation of Kansas Annotated Statutes § 21-3410, in *State of Kansas v. James D. Elliott*, District Court of Reno County, Kansas, Case No. 00-CR-281, on September 15, 2000, for which he received a sentence of 29 months in prison. The Government would have offered evidence, including these judgments, to show the Defendant knew he was convicted of a crime punishable by imprisonment exceeding one year. The evidence would have been sufficient to prove beyond a reasonable doubt the charge contained in Count One of the Indictment.

Dated: January 24, 2025                    /s/ *Alisa Ross*
                                                                Alisa Ross
                                                                Assistant U.S. Attorney

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 24, 2025, I electronically filed the Government's Prosecution Version of the Offense with the Clerk of Court using the CM/ECF system, which will send notification of such filing(s) to the following:

    James S. Nixon, Esq.
    Counsel for the Defendant

                              DARCIE N. MCELWEE
                              United States Attorney

                      BY: **/s/ Alisa Ross**
                              Alisa Ross
                              Assistant U.S. Attorney
                              United States Attorney's Office
                              202 Harlow Street, Suite 111
                              Bangor, ME 04401
                              (207) 945-0373
                              Alisa.Ross@usdoj.gov